UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TYRONE GRAYSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:18-cv-03287-JRS-DML |
| | ) |
| DUSHAN ZATECKY, | ) |
| | ) |
| Respondent. | ) |

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORUPUS**

Petitioner Tyrone Grayson was convicted in an Indiana state court of unlawful possession of a firearm by a serious violent felon. Mr. Grayson now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, arguing (1) that he was stopped without reasonable suspicion in violation of the Fourth Amendment and (2) that trial counsel was ineffective for not challenging the stop under the Indiana Constitution. Mr. Grayson's first claim is barred by *Stone v. Powell*, 428 U.S. 465 (1976), and his second claim is barred by 28 U.S.C. § 2254(d). Therefore, the petition for a writ of habeas corpus is **denied**, and a certificate of appealability will not issue.

**I. Background**

The Court will "presume that the state court's factual determinations are correct unless the petitioner rebuts the presumption by clear and convincing evidence." *Perez-Gonzalez v. Lashbrook*, 904 F.3d 557, 562 (7th Cir. 2018); *see* 28 U.S.C. § 2254(e)(1).

On direct appeal, the Indiana Supreme Court summarized facts of Mr. Grayson's stop:

On February 23, 2014, at approximately 5:20 a.m., Indianapolis Metropolitan Police Department Officer Jonathan Schultz ("Officer Schultz") responded to a dispatch that an anonymous caller reported a person inside a silver or gray vehicle waving a firearm at Washington Point Apartments. When Officer Schultz arrived at the apartment complex, he saw a silver vehicle with its headlights off parked perpendicular to the parking spots. As the officer pulled into the parking lot and

was driving toward the vehicle, the vehicle pulled into a parking space. The officer did not see any other silver or gray occupied vehicles in the parking lot.

Officer Schultz activated his rear emergency lights and parked his vehicle at an "angle towards where he was parked at, off to the side." Then the officer, who was in full uniform and carrying a flashlight, approached the driver's side of the vehicle. The driver identified himself as Grayson. Officer Schultz asked Grayson if he lived at the apartment complex, and Grayson stated that he did not but that his passenger did.

Next, Officer Schultz mentioned the dispatch about a person waving a gun. As he continued his conversation with Grayson, through the open driver's side window, Officer Schultz observed the butt of a firearm underneath the driver's seat between Grayson's feet. Officer Schultz asked if any firearms were in the vehicle, and Grayson stated that there were not, a statement that was clearly a lie, based on Officer Schultz's personal observation.

*Grayson v. State*, 52 N.E. 3d 24, 25 (Ind. Ct. App. 2016) ("*Grayson I*") (footnotes and citations omitted). Officer Schultz's partner searched the vehicle and found a firearm. *Id.* at 26.

The State charged Mr. Grayson with unlawful possession of a firearm by a serious violent felon. *Id.* Before trial, Mr. Grayson moved to suppress evidence of the recovered firearm, arguing (among other things) that Officer Schultz stopped him without reasonable suspicion in violation of the Fourth Amendment. *Id.* The trial court denied the suppression motion and later found Mr. Grayson guilty at a bench trial. *Id.* Mr. Grayson appealed, again arguing that Officer Schultz lacked reasonable suspicion to make the initial stop. The appellate court affirmed, *Grayson I*, and the Indiana Supreme Court denied Mr. Grayson's petition to transfer, dkt. 7-2 at 7.

Mr. Grayson filed a petition for post-conviction relief in state court, arguing that trial counsel was ineffective for failing to challenge the stop under the Indiana Constitution. *Grayson v. State*, 2018 WL 4003150, at *2 (Ind Ct. App. July 30, 2018) ("*Grayson II*"). The trial court denied the petition, and the appellate court affirmed. *Id.* at *4. The Indiana Supreme Court denied Mr. Grayson's petition to transfer. Dkt. 7-11 at 9.

Mr. Grayson then filed the petition for a writ of habeas corpus that is now before the Court.

## II. Applicable Law

Federal habeas corpus relief is available only to petitioners in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a).

A petitioner asserting a claim based on the Fourth Amendment must show more than a mere constitutional violation. He must show that the state courts did not provide "an opportunity for full and fair litigation" of his Fourth Amendment claim. *Stone v. Powell*, 428 U.S. 465, 494 (1976). So long as the state court "heard the claim, looked to the right body of case law, and rendered an intellectually honest decision," federal habeas review is precluded. *Monroe v. Davis*, 712 F.3d 1106, 1115 (7th Cir. 2013).

When a state court has adjudicated the merits of a federal constitutional claim, a federal habeas court cannot grant habeas relief on the claim unless the state court's adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "The decision federal courts look to is the last reasoned state-court decision to decide the merits of the case, even if the state's supreme court then denied discretionary review." *Dassey v. Dittmann*, 877 F.3d 297, 302 (7th Cir. 2017) (en banc).

## III. Discussion

### A.  Fourth Amendment (Reasonable Suspicion) Claim

Mr. Grayson argues that the state courts did not offer him an opportunity for full and fair litigation of his Fourth Amendment claim that he was stopped without reasonable suspicion.

This Court looks to *Grayson I*, the last state court decision to address the merits of this claim. *See Monroe*, 712 F.3d at 1115−16 (considering whether state appellate court provided "full

and fair" hearing on Fourth Amendment claim). The Indiana Court of Appeals considered Mr. Grayson's claim and relied on relevant Supreme Court case law in deciding it. *See Grayson I*, 52 N.E. 3d at 28−29 (discussing and distinguishing *Florida v. J.L.*, 529 U.S. 266 (2000)). And there is no indication that the Indiana Court of Appeals conducted a sham hearing or reached an intellectually dishonest result.[1] Accordingly, Mr. Grayson's Fourth Amendment claim is **denied**. *See Stone*, 428 U.S. at 494.

### B. Ineffective Assistance Claim

To win on a clam of ineffective assistance of counsel, a petitioner must demonstrate (1) that counsel's performance was deficient and (2) a reasonable probability that, but for counsel's performance, the result of the proceeding would have been different. *Murdock v. Dorethy*, 846 F.3d 203, 209 (7th Cir. 2017) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984)).

The Indiana Court of Appeals reasonably applied *Strickland* on post-conviction review. Specifically, the court held that counsel's failure to challenge the stop under the Indiana Constitution did not prejudice Mr. Grayson because such a challenge would have failed:

> [T]he outcome of Grayson's case under Article 1, Section 11 of the Indiana Constitution is the same as [the outcome under] the Fourth Amendment. Therefore, Grayson has failed to establish that he was prejudiced by his trial counsel's failure to raise an argument under the Indiana Constitution, and his claim for ineffective assistance of counsel fails the prejudice prong of *Strickland* and thus, as a whole.

*Grayson II*, 2018 WL 4003150, at *4.

---

[1] Mr. Grayson argues that the Indiana Court of Appeals refused to accept the State's stipulation that the relevant stop began when Officer Schultz parked near Mr. Grayson's vehicle. *See* dkt. 11 at 12. But this argument hinges on a misquotation of the post-conviction appellate court's discussion of a different claim. *Compare* dkt. 11 at 12 ("This fact is clear in the Court of Appeals opinion when they say, 'The actual stop didn't occur until after Officer Schultz saw the handle of the gun.'"), *with Grayson II*, 2018 WL 4003150, at *4 (discussing a state constitutional claim and finding that "[t]he actual intrusion of Officer Schultz's search of the vehicle did not occur until after he saw the handle of the gun").

4

On federal habeas review, this Court cannot disturb an Indiana court's application of Indiana law. *Miller v. Zatecky*, 820 F.3d 275, 277 (7th Cir. 2016). And because the state court's answer to a state law question resolves Mr. Grayson's ineffective assistance claim, that claim must be denied. *Harper v. Brown*, 865 F.3d 857, 859 (7th Cir. 2017).

### IV. Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, the petitioner must first obtain a certificate of appealability by making "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1), (c)(2).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." No reasonable jurist could dispute that Mr. Grayson's Fourth Amendment claim is barred by *Stone* or that his ineffective assistance of counsel claim is barred by 28 U.S.C. § 2254(d). Therefore, a certificate of appealability is **denied**.

### V. Conclusion

Mr. Grayson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **denied**, and a certificate of appealability shall not issue.

Final Judgment in accordance with this decision shall issue.

**IT IS SO ORDERED.**

Date: 8/9/2019

_/s/ James R. Sweeney_
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

TYRONE GRAYSON
984026
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

Jesse R. Drum
INDIANA ATTORNEY GENERAL
jesse.drum@atg.in.gov